S & M Bronx Inc. v Diversified Planning Brokerage LLC

2026 NY Slip Op 03247

May 21, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

S & M Bronx Inc. et al, Plaintiffs-Respondents,

v

Diversified Planning Brokerage LLC et al., Defendants-Appellants.

Decided and Entered: May 21, 2026

Index No. 816715/21|Appeal No. 6688|Case No. 2025-07912|

Before: Kennedy, J.P., Scarpulla, Mendez, Rodriguez, Rosado, JJ.

Miranda Slone Sklarin Verveniotis, Mineola (Maurizio Savoiardo of counsel), for appellants.

Ginsburg & Misk LLP, Queens Village (Gerard N. Misk of counsel), for respondents.

[*1]

Order, Supreme Court, Bronx County (Myrna Socorro, J.), entered November 25, 2025, which denied defendants' motion for summary judgment, unanimously modified, on the law, the motion granted to the extent of dismissing the second and third causes of action, and otherwise affirmed, without costs.

In this action for malpractice, plaintiffs allege that defendants insurance brokers negligently allowed plaintiffs' liability coverage to lapse, that defendants breached their fiduciary duty to plaintiffs, and that plaintiffs detrimentally relied upon defendants' insurance expertise and knowledge.

Supreme Court properly denied summary judgment on plaintiffs' negligence claim because there are issues of fact concerning whether the parties had a special relationship, exceeding that of a traditional broker-client relationship. Plaintiffs testified that, among other things, defendants advised plaintiffs regarding insurance issues, addressed plaintiffs' audits, and handled insurance policy changes (see Voss v Netherlands Ins. Co., 22 NY3d 728, 735 [2014]; Abetta Boiler & Welding Serv., Inc. v American Intl. Specialty Lines Ins. Co., 76 AD3d 412, 413 [1st Dept 2010]). Although defendants' principal testified that the insurance carrier did not contact defendants during the audit that eventually led to plaintiffs' coverage being dropped, one of the individual plaintiffs testified that he had worked with defendants for more than a decade, used defendants for all six of his businesses, and that he would send everything in his possession relating to insurance to defendants, who would in turn take care of it, including when plaintiffs received audit requests from the insurance carrier. In such a situation where "there is a course of dealing over an extended period of time which would have put objectively reasonable insurance agents on notice that their advice was being sought and specially relied on," a special relationship may arise thereby "creating an additional duty of advisement" even in the absence of a specific request from the insured to the broker (Voss, 22 NY3d at 735).

There are also issues of fact concerning which party was responsible for managing the renewal process as defendants' involvement with previous audits may evince a course of conduct demonstrating that the renewals were in fact defendants' responsibility (see Murphy v Kuhn, 90 NY2d 266, 270 [1997]). The record evidence does not disprove as a matter of law that defendants' inaction in renewing the policy did not proximately cause plaintiffs' injuries (see Heard v City of New York, 82 NY2d 66, 72 n * [1993]).

However, the second and third causes of action, for breach of fiduciary duty and detrimental reliance, should be dismissed as duplicative of the negligence cause of action.

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: May 21, 2026